Russell VAN KALER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17047.

Court of Criminal Appeals of Oklahoma.

April 12, 1972.

Rehearing Denied May 8, 1972.

Ed McConnel, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Russell Van Kaler, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Logan County, Oklahoma, for the offense of Assault and Battery on a Police Officer; his punishment was fixed at forty-five (45) days in the County Jail and a fine of Two Hundred Dollars ($200.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, Trooper Shores testified that on the 18th day of October, 1970, he first observed the defendant operating a yellow Volkswagen on Interstate 35, approximately two miles south of Guthrie. Trooper Shores stopped the defendant because the vehicle had a tail light out. The trooper asked the defendant if he had a valid inspection sticker and both he and the defendant walked to the front of the car. After observing that there was not a current sticker displayed, the trooper asked the defendant if the receipt was kept in the glove compartment. At this point, a passenger in the defendant's vehicle opened the glove compartment and the trooper shined the flashlight through the window to give the passenger some light. The trooper observed a small glassy type smoking pipe and asked the passenger to hand it to him. The passenger handed the pipe to the trooper and the defendant stated, "What do you think you are looking for, drugs? Go ahead and look all you want to." (Tr. 7) He further testified that the defendant had a smell of "mixture of burning rope and grassy substance about his person . . ." (Tr. 8) The passenger stepped out of the vehicle and the trooper knelt down and looked under the seat where he discovered a small white container covered with a plastic bag. As the trooper was in the process of turning around, he observed a blow coming toward him which he blocked with his arm. Defendant then grabbed the white cup from the trooper's hand and began running. Defendant ran approximately twenty-five (25) feet and threw the contents of the cup away. Trooper Shores took pursuit and apprehended the defendant.

Dennis Spence testified that he was riding with Trooper Shores on the evening in question. His testimony did not differ substantially from Trooper Shores'.

Defendant testified that on the evening in question, he was stopped by the trooper for having a tail light out. The trooper inquired about his inspection sticker and suggest that he open the glove box. Robbie King, who was a passenger in the defendant's car, opened the glove box and got out of the vehicle. The trooper began searching the glove box and found the pipe and then began searching under the seat. Defendant further testified that when the trooper found the white container, he "merely took it out of his hand, I did not strike the officer . . ." (Tr. 32) On cross-examination he testified that he did not know what was in the white container and that he grabbed it from the trooper because he was scared.

Robert King testified that he was a passenger in the defendant's vehicle. His testimony did not differ substantially from the testimony of the defendant.

 Defendant asserts two propositions. First, that the search was illegal, and secondly, that defendant's movement was justifiable and that he was regaining property taken from his vehicle by an unlawful search and seizure. We are of the opinion that both propositions are without merit. The defendant waived trial by jury and elected to have the trial court sit as a trier of facts as well as the trier of law. Trooper Shores testified that after smelling the unusual smell about the defendant's person, having had past experience smelling marijuana, and observing the pipe in the front seat, the defendant stated, "What do you think you are looking for, drugs? Go ahead and look all you want to." (Tr. 7) The defendant denied making such statement. Defendant testified that he merely took the container, which he did not know the contents of, and threw it away because he was scared. It is apparent that the trial court chose to believe the State's witnesses, wherein he stated at the conclusion of the trial:

"* * * The reasonableness of the Defendant's testimony and his companion is lacking in the viewpoint of the Court that the Court will find that the defendant did strike the blow and almost simultaneously grab the container, I do therefore find the defendant is guilty of assault upon a Police Officer. * * *" (Tr. 48)

We concur with the trial court's findings.

The judgment and sentence is accordingly affirmed.

SIMMS, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring):

While I concur in the affirming of this decision, I would reduce the fine from Two Hundred Dollars ($200.00) to One Hundred Dollars ($100.00), for the reasons that this defendant's main support is from a Veterans Administration disability award, and because of his youth.

